Appellant. Mr. Deutsch for the Appellant. Mr. Pascora for the Appellant. May it please the Court, my name is Andrew Deutsch, representing the Appellant, Televizja Polska, which I will call TVP for ease of reference, and I have reserved two minutes for rebuttal. Your Honors, the District Court committed legal error which should result in the reversal of its Attorney's Fee Award by awarding the plaintiff, Spanski, almost all of its legal fees, $850,000 worth, for the entire litigation based upon an isolated incident of misconduct after the lawsuit began by a low-level employee of TVP. Any proof or finding that the fees would have been incurred but for the misconduct is absent from the opinion below. Did you make that argument below? We did not, Your Honor, and I know that the plaintiff has argued waiver. We don't think there is any waiver here. We had no reason to anticipate a ruling of this nature. It was not invited by the plaintiffs. They did not ask the Court. Let me ask about that. So in your reply brief, you argue that you didn't forfeit this matter for the reasons that you're giving now, and you say that, on page 11, that while SCI did not argue that the fees should be awarded for misconduct, it didn't ask for that, you cite their memorandum at page 11. So I look at their memorandum at page 11, and sure enough, there's nothing there. However, on page 12, it says, Now, you didn't think that the full amount of $845,000, I'm not talking about you personally, I'm talking about your client, you didn't think that $845,000 was causally connected, did you? No, and the fight, Your Honor, was not at all over litigation misconduct. It was over the objective reasonableness of the positions my clients took on the merits. All right. Then why didn't you argue that the full amount, $845,000, under any theory, was not causally connected? Your Honor, I — When you say that they didn't ask for not causally connected fees, they obviously did, in your view. Well, Your Honor, I think we did not have to anticipate what, in our view, was a — effectively a punitive award rather than a compensatory award of fees by the district court. Well, they asked for $845,000 of fees. And we certainly opposed it, Your Honor. And you had to oppose it. And one ground for opposing it, and it's the very ground you're raising here, is that it wasn't causally connected, right? Your Honor, I can only say that it was not a point that was argued by the plaintiffs below. It was — the parties addressed other issues. Litigation misconduct was something which we said had not occurred on the merits. I do not believe we have forfeited the argument. You had a section of your paper below entitled, The Legal Standard for a Fees Award under the Contract Act. Yes, Your Honor. But there's no mention of the Goodyear case in there. Of the Goodyear case? I don't think it was decided at the time, I believe. Oh. So the issue about causation wasn't even known at the time? It had been addressed in the Second Circuit's Matthew Bender decision, but the Supreme Court had, at my belief, at the time of briefing, not yet ruled on this issue. Good point. Thank you. If I may proceed. May I just ask you, you stress very heavily this episode in August, I think, 2012. Yes. As if it were the only episode of misconduct. But the judge is very clear that she's relying on more, and the phrase is, misconduct including that episode. But nothing else was — I'm sorry, Your Honor, I don't mean to interrupt. Well, and then there are references to deceptive strategies conducted by your client in other parts of the litigation. So that, I mean, it would seem to me if you really believed that it was only the August 2012 episode that counted, you should have asked for clarification. Judge, isn't it just that episode? Why are you talking about including without sufficient detail? Your Honor, I can only tell you that we would rely on the factual findings of the court. The court found one incident, made general statements — Referred to one incident. Well, the only thing we can tell whether the court exercised its discretion properly is the facts that it referred to in the record. And that is the only fact it referred to in the record. The court found that TVP had intentionally removed geoblocking, which it refers to elsewhere. But that is not litigation misconduct. That is conduct that occurred prior to the suit. As far as litigation misconduct is concerned, and it is the primary reason which the district court cited for an award of fees, it cited one incident involving three out of the 51 episodes taking place three months after the lawsuit began. And no other incident. We have no basis. The district court also referred to deterrence. I think that deterrence, Your Honor, was an inappropriate consideration here for two reasons. One, both the district court — So, but let me just be clear if I understand. If deterrence was inappropriate, then your argument about causation doesn't go far enough, right? Causation would be enough for some part. Deterrence would be enough for the other. So you have to win the argument that deterrence was an abuse of discretion? I think there are two pieces to this. To the extent that fees are awarded on litigation misconduct, Goodyear establishes that the applicant and the court, in finding, must find that the fees would not have been incurred but for. When you reach deterrence, which is a more general consideration, it has to be weighed in the light of whether the positions taken were objectively reasonable by the defendant. Both the district court and this court found that my client advanced not only objectively reasonable defenses, but ones that had never been ruled on by a federal appellate court before. We think that there was both no case here for general deterrence because my client's positions were, in fact, objectively unreasonable. These are effectively — It's very clear that fees can be awarded, even if the legal theory being advanced by the losing party was objectively reasonable. Well, this downgrades what the Supreme Court in Kurtzank said was substantial weight that must be given to objective reasonableness. And they really are two sides of the same coin. If a argument is objectively reasonable, then, as Kurtzank says, we don't want to deter people from making them by awards of fees. And there is no evidence here for specific deterrence because that deals with repeat infringers or repeat frivolous suitors. And there was no adjudication ever prior against my client that it had infringed any copyright, either of Svansky or anyone else. So we think that that evidence is mostly a failure on the part of the district court to give the substantial weight to objective reasonableness, which the Supreme Court said it was required to do. With — I'm sorry, Your Honor. Go ahead. With respect to compensation, which was the other consideration raised by the district court, we think that Goodyear Tire effectively addresses that. The question is what should the — should a litigant be compensated for. If you're about to run out of time, if you want to make an argument about the matrix, you should make it now. Your Honor, I'm going to reserve on our papers and on the matrix. Well, can I ask you a question? Because you argued in the district court that an alternative in district court could rely on the AIPLA rates as reasonable. And you argued that what they were asking for exceeded the median rate under that report. But am I reading the record correctly, that you thought an AIPLA rate would have been reasonable? No, Your Honor. Your Honor, what we were saying was that the burden lay on the plaintiff to show the reasonable rates for similar services in the community, namely what is charged for copyright work, litigation in the District of Columbia. They failed to provide anything of that nature. Well, you said the court awards any fees at all to SEI should account for the difference between their rates and the prevailing market rates by recalculating the hourly rate for each qualified professional using the AIPLA report rates. Indeed, we did, Your Honor. And you submitted that report. Yes, Your Honor. So what it results in is a need for reversal and remand, whether it is the USAO matrix that's used or those rates. Just to follow through on Judge Millett's argument, you argued that the court should look at the AIPLA report. The court did look at the AILPA report and said that was another basis for deciding, correct? She said that. Yes, Your Honor. Your brief doesn't mention the report at all. We do not. We think that- So have you waived that argument? We do not think so. We think that the court's precedent establishes in Ely that the USAO matrix, and indeed this is how the district courts have interpreted it, excepting for this district court. That the USAO matrix is the default and the burden- And it overcomes the AIPLA report? I can only tell you that subsequent to the time we briefed this, the case law has continued in the direction of saying that the reference point should be the USAO matrix. So when the judge says I'm going to rest on the AIPLA report because you asked me to, I don't- So at page 13 of the district court's opinion, it says, furthermore, the court is of the view that the fees requested by plaintiff's counsel would be reasonable, even if measured against the rates in the AIPLA report. Excuse me for a second, Your Honor, so I can find that reference. It's at appendix 1502. I actually don't have that in front of me right now, Your Honor. I can only agree that if that's what's there, it's what's there. But we don't believe we've waived the argument. We think this is a question of burden on the part of the plaintiff that wasn't carried, and a requirement that the district court did not ask of the plaintiff, which in our view is required by the Ely decision. Can I just follow on that? Do you- you don't dispute that the litigation was complex, or do you? No, we don't dispute that the litigation was complex. We dispute that the plaintiff put forth to the district court a basis for assessing what a reasonable fee would be in the District of Columbia. And both the USAO matrix and the LSI, LAFI matrix, are used in complex litigation. It's a question of proving, which the plaintiff did not, whether the higher rates are available, and they didn't do so. I hope also. Further questions? May I still have my rebuttal time, Your Honor? You may. Thank you. Even though you're two minutes over. That's the general practice here. We just ignore the lights. Go ahead. Good morning. May it please the Court. My name is John Piscora. I'm with the firm of Loeb and Logue, representing Spansky Enterprises, Inc., the plaintiff below, and the appellee here in this court. I think the panel has a good grip on the issues in this appeal. The first being, did the district court apply the correct standard and have a basis upon which to award attorney's fees? And I know that TVP would like to make much of the fact that there was a misconduct finding. And the district court did state that she could award attorney's fees based on the misconduct alone. There was an entirely separate finding, a basis for the award, that was deterrence. And this case was a case of deterrence plus. So the Supreme Court was being quite clear that an award of full attorney's fees, this was effectively full attorney's fees for litigation, is only supposed to happen in exceptional circumstances. So the district court had to find exceptional circumstances here. And the district court cited, well, it was willful infringement. Is it your position that just willful infringement is an exceptional circumstance? Or is relevant to factor, it's a factor in exceptional circumstances, just that you meet that mens rea under the Copyright Act? The standard for an award of attorney's fees under the Copyright Act, as compared to some of the case law cited by TVP under the patent statutory scheme, does not require exceptional circumstances. It is enough in a copyright case that if the court were to- I thought Kurtzing said it was supposed to be exceptional. But even if the standard were to apply in this case, we have those exceptional circumstances here. What do you have? A finding of willful infringement, even though their position was objectively reasonable? I can't agree, because the district court below clearly did find a willful, volitional, intentional infringement. And that's what she wrote in her opinion, when she said one basis for the award could be deterrence. Deterrence alone can support all of the award- What was she deterring? An infringement that was willful, but they had an objectively reasonable argument that the law didn't apply to what they were doing, or didn't constitute infringement by them. I understand what you're saying. What the court stated, and I actually agree with it, and I think that the vast body of copyright law and attorney fees awards does support this, that where you have a defendant who willfully and intentionally violates a copyright, one aspect of deterrence is to keep that defendant from engaging in that conduct again. But then that just makes attorney's fees a matter of course any time willful infringement is found, because someone will say, well, they willfully and intentionally did it, and so they need to be deterred, which will make that- And that's what Fogarty said we can't do. No, you're correct. The test isn't one of, once you satisfy that one element, it's automatic. Okay, so you agree that- Yes. Okay, so then what do we have here for putting- Misconduct, which the fees weren't tailored to, we're putting aside the willful infringement, because that by itself can't give you fees as a matter of course. So what do you have here? Correct, and I'm not trying to dance around it. The other aspect of deterrence that the district court actually stated and found and elaborated at length was that in this particular case,  And I cannot agree with TVP's counsel- I thought you had started this argument by saying we can put the litigation misconduct aside, because we can just rely on deterrence, and now you're saying, well, by deterrence, I'm going to look at that litigation misconduct, which is one instance, it's not going to get you the exceptional circumstance of fees for the entire litigation. I understand. I completely- So what do you have that gets you for the rest of the litigation? I'm sorry? What justifies fees for the entire litigation, as opposed to those tied to the misconduct? In this case, what the district court articulated and what I believe is the law is a deterrence factor for willful infringement and- But you just said we aren't- I feel like I'm kind of going- I'm just not understanding your point. I'm going in circles here, because it seems to me you keep citing the misconduct, which was the one instance, and the fact that the infringement was willful, but as we have already held, their positions in two respects were objectively reasonable to think that they were not engaged in a violation of federal- It turns out they were wrong, but it's objectively reasonable in two respects to think that they were not violating copyright law. So how can it be that there's an ultimate determination of willful infringement? Yes, but they were objectively reasonable, and the misconduct does not justify the full of fees. It didn't affect the entire litigation. So I guess I'm still not hearing, and I'm sorry if I'm just not hearing your words correctly. Let me try and summarize it first, because I am having trouble getting to my second point. In this case, there's clearly willful and intentional infringement. I think that in an appropriate case, and what the district court found here, is the deterrence factor alone can merit a full attorney fee award, and we say full attorney fees, but SEI never submitted its full attorney's fees. It was reduced fees. What? The second and third points are that in this case, there was also litigation misconduct. Now, the parties dispute the extent of it. TVP would have you believe that it was one isolated item of misconduct, but that is not what the district court said in her opinion, that district court highlighted that, but referenced back her amended findings after trial, which detailed deletion of files, deletion of the evidence that would have shown that this was done intentionally, and then the creation of new files to support a defense, a factual defense. Wasn't that all the same? That's just three ways of describing the same activity. No. When they got rid of the evidence that the geo-blocking wasn't in. The first at trial, the first item that I would describe as litigation misconduct based on the district court's award, was that the computer files, the actual files that generate your ability to view the programming, were deleted. 28 out of 51 in a quick series within two minutes. The second thing, which the district court focused on because it found it particularly reprehensible that you would not only kind of delete evidence, but then manipulate the evidence so that it supported your case, and then come to the court and present that evidence as being factually correct when you know that it's not. That would be tied to that litigation misconduct associated with putting that evidence in. Correct. But they still were entitled to litigate and not, I should think, not be assessed fees just because they litigated. We don't think the law applies to us extraterritorially. We think it focuses on the later actor in the process, the downloader. I do appreciate what the court's saying. But you got fees for that. Did you get fees for that litigation? I'm sorry. No. No. The first time the issue of attorney's fees came up is after the district court's entry of statutory damages. The district court couldn't have considered the amount of fees as part of the statutory damages award. But going back to the question that we're facing. I just want to make sure I'm understanding your answer. When you put in your fees for this litigation, did it start after our prior decision? Or did it include the time in which you were also, I know you didn't include the fees in our court, but did it include the fees in district court for litigating extraterritoriality and the argument that the downloader is responsible for? Correct. Correct. It did include those fees? It did. So the objectively reasonable. So you got fees for what we said was objectively reasonable. And the district court said that as a legal matter, those arguments are objectively reasonable. But I submit to the court when you're a company and you know you've intentionally done something, you willfully did something, and instead of admitting it and saying we have two or three legal defenses to that infringement, instead you deny the allegation and you inject into the case and create the cost to just expand exponentially a bunch of defenses that are based on a false premise, which is that you never did it in the first place. I see my time's up. Could I just ask a question? And that is how do we get to the LSI FLAFI index? Well, in this case, what Spansky Enterprises' position the whole time was was that it was a complex litigation, a complex commercial litigation. Right. And we reduced the attorney's fees to the LSI. But that's the other LAFI index, right? Yes. Right. So what's the basis of choosing LSI over the other? The first is exactly that it was a complex case. So the other one doesn't cover complex commercial litigation at all? The other one does. But what it's been used for is in certain types of claims, routine types of claims, which the courts in this circuit have held on a number of occasions, don't present complex litigation circumstances, that matrix would apply. That matrix was developed for suits against the government. In suits against the government, FOIA disputes where you would eventually get your fees at the end of the day. This court and the district courts have held that's not complex litigation. What we presented in this case was that this copyright dispute was complex litigation and that the fees for those sort of complex litigation are built into the adjusted LSI LAFI matrix rates. They are consistent with what you see from the various polls that were submitted, including the survey. Right, right. Now I know that. Okay. But the reliance was on the LSI. And it was in the district court because the district court judge did find, based on a number of factors, that this was a complex civil litigation. I thank you for your time, unless there's something else. Thank you, Your Honors. I want to address one point, which I think has been confused by counsel for the plaintiff, and that is the distinction between pre-litigation and post-litigation conduct. All of the other issues cited by the district court, including the conduct by TVP in February, took place before the lawsuit began, and they were effectively wound up in her determination that the infringement was willful. They were not litigation misconduct. They did not, in fact, cause any fees to be incurred in the way that litigation misconduct, as discussed in Goodyear Tire, does. They said you tried to introduce this as evidence, these altered records as evidence. So that seems to bridge the pre-litigation litigation line, doesn't it? We disputed, completely disputed the idea that these had been altered because it was our view that there were. We would have to find clear error here. Are you making that argument, that we have to overturn her determination? The clear error is the award of litigation. So then we're going to assume for the moment that you did this. And the second clear error is giving substantive, giving determinative weight to deterrence in the face of arguments that both the merits panel of this court and the district court found were objectively reasonable. Well, can I hold on to that for a minute? All right. So assuming you haven't waived the causation argument, your argument is that they are entitled to compensation for the litigation misconduct for costs arising out of the litigation misconduct, but not for the other piece, right? That is correct. So all that, all that the fees for that do is pay them back for the extra costs. That has no deterrent effect because if a party can raise its opponent's costs and the worst that happens is the party gets that cost back, it's not really much of a deterrent. So the judge said this was egregious. And she said that deterrence of future violations represents an important consideration in this case. And then she says not only because of TBAs, TVPs litigation misconduct, why isn't it sufficient that she is trying to deter future egregious litigation misconduct? Egregious was the very words used by the district court in Goodyear Tire, Your Honor. And the Supreme Court found that notwithstanding the assessment made by the district court of how profound the litigation misconduct might be, the principle of fee shifting is compensatory. You are awarded fees for what you had to do as a result of misconduct. Are you saying that Goodyear Tire and the other cases say you can't award fees for deterrence? I'm saying that if, that with respect to the litigation misconduct branch of this, deterrence is not relevant. The Federal Circuit in the Rembrandt case said that while deterrence is a consideration as to whether fees should be awarded, it cannot be a consideration in the amount of fees awarded. It's only a question of whether there are or aren't fees awarded. Did you make that argument? We did in our reply brief, Your Honor. Did you make that argument for the district court? The decision had not been made. So I checked. And Goodyear came out one month after the district court's, after your brief in the case. Why didn't you file afterwards? I don't think we were aware of it at the time, Your Honor. Supreme Court decision on the very issue in front of you? We were not aware of it, Your Honor. But I don't believe that it changes the law, that it binds this court's review of what the district court did. If the Supreme Court has changed the law or made it clearer since the district court ruled, that is the law to be applied in this case. Unless there's been a waiver. Pardon me? Unless there's been a waiver. Unless there's a waiver. But, Your Honor, we think not only has there been no waiver, but this is an important case that ought to be addressed by this court. It's one of these issues that will arise again and again, and this case presents a good vehicle for its decision. Could I just ask you about the proposition that the legal argument you made was subjectively reasonable? If we assume that the proof of the infringement is basically clear, except for the fact of the defense that you raised on the factual issue, could you not have simply said, yeah, of course this conduct occurred, but we believed at the time that it was legal because it was not covered by the copyright laws? And then that would have been a simple legal argument. The court would have resolved, and because she concluded it was not right, you would have lost, and the litigation fees would have been trivial. Unfortunately, Your Honor, we're staring at the clear error review for the factual findings below, but it has been my client's view, it continues to be that he did not deliberately remove geoblocking. I understand that. I take the point on that, but that doesn't explain why one has to have a lengthy trial on the facts, which were apparently, and no one's mentioned the Terlecki evidence. That's right. You have things going way beyond the single episode that seemed to have been the basis of the defense. Your Honor, I can only say that it was my client's sincere belief, and I presented it to the best of my ability, which I think was recognized by the district court in her merits opinion, that there were valid reasons to contest that my client had removed geoblocking, that there were two forms of fail-safe for geoblocking that was not removed, and we presented that evidence for the consideration of the court. We did not view this as a walkover for the plaintiffs, and we felt that it was worthwhile presenting both our expert testimony and our factual testimony for the consideration of the court. The facts simply were not agreed to, and having objectively reasonable arguments together with facts that we felt we could sustain, most of which have nothing to do with the alleged either willfulness conduct or litigation misconduct, I would be doing my client a disservice not to have presented them to the district court. I think the district court made clear that you personally were not in any way responsible for this. No, I understand that, Your Honor. There's no doubt about that. The question is your client unknown to you is the problem. And I felt, you know, in my duty as an attorney, I felt that it was necessary to present these facts. If the Court has no other questions, thank you very much for your time. Thank you. We'll take the matter under submission.
judges: Garland, Millett, Williams